IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AIDA L. CASTILLO NIEVES, et. al.

Plaintiffs

v.   Civil No. 97-2207(SEC)

NORBERTO SANTIAGO-RODRIGUEZ, et. al.

Defendants; Cross Claimant and Cross Claim Defendants

v.

JOSE D. NIEVES-NIEVES, et. al.

Third Party Defendants

## OPINION AND ORDER

Pending before the Court is co-defendant and third party plaintiff, Nationwide Insurance Company's ("Nationwide") unopposed motion for summary judgment, whereby Nationwide argues that the plaintiffs failed to state a claim against it upon which relief may be granted. **(Docket #49)**. Also pending is co-defendant Integrand Insurance Company's ("Integrand") motion for summary judgment arguing that the plaintiffs' complaint should be dismissed because its insured, Matosantos Commercial, is not liable. **(Docket #51)**. The plaintiffs did not file an opposition to either of these motions. Nationwide, as co-defendant and third party plaintiff, filed an opposition to co-defendant Integrand's motion for summary judgment. (Docket #62).




I.  **Background**

Plaintiffs' complaint, filed on August 11, 1997, pled a cause of action in tort against co-defendants Matosantos Company Corp., Nationwide Insurance Co., Integrand Insurance Co., and Miguel Arcangel Gómez. (Docket #1). This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are permanent residents of the State of Pennsylvania, whereas all of the defendants are corporations or persons domiciled in Puerto Rico; and the amount in controversy exceeds $50,000, the jurisdictional amount required at the time of filing the complaint.

Plaintiffs' cause of action arises from an automobile accident involving Miguel A. Gómez ("Gómez") and Aida Castillo-Román ("ACR"). The accident occurred when Gómez, who was driving a truck, allegedly ran a red light and hit ACR's car. As a result of the accident ACR suffered multiple injuries, from which she died on August 25, 1996. (Docket #1 ¶ 10). Plaintiffs are deceased ACR's parents, Aida and Angel Castillo-Nieves, ("Plaintiffs"). (See Dockets ## 22, 24).

At the time of the accident, the registered owner of the truck driven by Gómez was Norberto Santiago-Rodríguez ("Norberto"), and it was allegedly used for delivery by Renta Esteva Hnos. The vehicle had an insurance policy subscribed by Norberto with co-defendant/movant Nationwide, which allegedly covered the accident. (Docket #1 ¶ 15).

Nationwide's unopposed motion for summary judgment argues that they are not liable to Plaintiffs for any amount because the owners of the truck involved in the accident are not Norberto and his wife, Nationwide's insureds, but José D. Nieves-Nieves ("Nieves"), his wife and their legal partnership.[1] Nationwide asserts that co-defendant Norberto sold the truck to Nieves before the

---

[1] Nieves, his wife and their legal partnership are third party defendants in this action, against whom default was entered on January 3, 2000. (Docket #48). According to Nationwide, they are the

**Civil No. 97-2207(SEC)** 3

accident, and that he never informed Nationwide of the sale. Based on that, Nationwide argued that it is not liable under its insurance coverage form and that the complaint against it should be dismissed.

## II. Applicable Law

### A. Summary Judgment—Co-defendant Nationwide

Summary judgment is not automatically entered if the opposing party fails to respond. Jaroma v. Massey, 873 F.2d 17, 19 (1st Cir. 1989). Instead, pursuant to Rule 56(e) "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). This provision requires the district court to "review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." Jaroma, 873 F.2d at 20. Afterwards, the court must review whether or not the moving party is entitled to summary judgment as a matter of law. Id.

In this particular case, the uncontested material facts show that at the time of the accident, Norberto was the registered owner of the truck. (Docket # 49, Uncontested fact ¶ 3). However, Mr. Nieves admitted at his deposition that he was the truck's owner since January of 1995. Nieves purchased the truck from Norberto through an installment payment plan, which at the time of the accident was paid in full. (Id., Uncontested fact ¶ 4). Yet, Norberto failed to both register the sale at the Puerto Rico Motor Vehicles Bureau and to notify Nationwide.[2]

---

unregistered owners of the truck driven by Miguel A. Gómez. (Docket # 32). Nieves purportedly bought the truck, along with its delivery contract, from Norberto on or about January 1995. The purchase price was paid by installment payments which were completed before the accident.

[2] The Vehicle and Traffic Law of Puerto Rico, P.R. Laws Ann. tit. 9 §§ 301-1903, ("VTL") establishes a detailed and specific procedure for registering ownership of a motor vehicle. P.R. Laws Ann. tit. 9 § 401. It also creates a liability for the registered owner of a motor vehicle for the

**Civil No. 97-2207(SEC)**                                                                                          4

Nationwide's insurance Coverage Form – as purchased by Norberto – provides that: "This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or other 'insured', *at any time*, intentionally conceal or misrepresent a material fact concerning: . . . Your interest in the covered 'auto'." (Id. at 4) (Emphasis added). Nationwide relies on this provision to argue that Norberto's omission in failing to notify Nationwide of the sale of his interest in the "auto," constituted intentional concealment or misrepresentation which, pursuant to the Coverage Form, has the effect of voiding the contract.

The Court is mindful that, as required by the Puerto Rico Supreme Court, all insurance policies are to be interpreted as a whole, with regards to each of their terms and conditions, as they are expressed in the policies, and as they may have been extended or modified by addendum, or otherwise. Quiñones López v. Manzano Pozas, 141 D.P.R. ___ ; 96 J.T.S. 95; 96 TSPR 91 at *13 (Op. of June 25, 1996). Although obscure clauses are to be interpreted in favor of the insured, Quiñones López, 96 TSPR 91 at *14, "if the terms, conditions, and exclusions of an insurance

---

negligent acts or omissions of an authorized user. P.R. Laws Ann. tit. 9 § 1751. In addition, for purposes of the VTL the term "owner of a vehicle" means "any natural or artificial person in whose name a vehicle *is registered* in the Department." P.R. Laws Ann. tit. 9 § 323. These sections have been interpreted by the Puerto Rico Supreme Court as creating a rebuttable presumption that the registered owner of a motor vehicle is the legal owner; who is liable for any damages caused by negligence involving the registered car. Pérez v. Concepción, 104 D.P.R. 83, 84-5 (1975); Muñoz-Meléndez v. Farmer, 104 D.P.R. 297, 306-7 (1975). This presumption may only be destroyed by "strong evidence sufficient to completely satisfy the judicial conscience." Muñoz-Meléndez, 104 D.P.R. at 307 (Court's translation).

These provisions are of no consequence to Nationwide, for we find that Norberto incurred in intentional concealment of his interest in the motor vehicle, which pursuant to Nationwide's Coverage Form voided insurance coverage. The Court makes no ruling at this time regarding Norberto's possible liability.

AO 72A
(Rev.8/82)

**Civil No. 97-2207(SEC)**                                                                 5
___

contract are clear, specific, and leave no room for ambiguities or different interpretations, they shall be enforced pursuant to the intent of the parties." Id. (Court's translation).

In this case the language used by the policy is clear in requiring the insured to disclose to the insurer his "interest in the covered 'auto'," warning the insured that if he intentionally conceals or misrepresents any information, at any time, regarding his interest in the motor vehicle, the Coverage Form would become void. Norberto's failure to disclose the sale of his truck is a fact that clearly falls into the condition described by the above-quoted clause. Moreover, it is an omission which deprived Nationwide of: (1) the opportunity to assess whether or not it wished to enter into a new contract with the truck's purchaser, (2) the opportunity of evaluating the degree or character of the risk involved, and (3) the opportunity to calculate the premium to be charged. Thus, Norberto Santiago's omission is of significant importance to Nationwide, and affects its evaluation of the risk and the desirability to enter into the contract.

Pursuant to Serrano-Ramírez v. Clínica Perea, Inc., 108 D.P.R. 477 (1979), if the insured has concealed or misrepresented information required for an insurance policy to be issued, which is pertinent to both the evaluation of risk and its occurrence, the insurance contract is void. In this case, Norberto did conceal information required by the policy issued by Nationwide which was pertinent to both the evaluation of risk and its occurrence, and therefore, Nationwide's motion for summary judgment, **(Docket #49)**, is **GRANTED**.

**B.    Summary Judgment—Co-defendant Integrand**

Integrand also moved for summary judgment, **(Docket #51)**, on grounds that its insured, Matosantos Commercial Corp. ("Matosantos") is not liable to the plaintiffs. Plaintiffs' cause of action against Matosantos and Integrand is based on the theory that Gómez, while delivering a cargo

for Matosantos, negligently drove the truck causing it to collide with ACN's automobile. However, Integrand alleges that Matosantos distributes its goods by independent carriers who use their own trucks. As such, Matosantos' independent carriers are obligated to provide adequate liability insurance. (Docket #51 at 2) (Exh. 4, cl. D). In this particular case, Matosantos' independent contractor, Norberto, assumed the obligation to obtain liability insurance for up to $100,000 in property damages and $300,000 in public liability. (Id.) In addition, Norberto assumed any and all liability deriving from his actions or omissions, negligence, tortious conduct, and damages caused by accidents involving the truck. (Id.)

Nationwide's opposition to Integrand's motion argues that there are controversies of fact which preclude the entry of summary judgment in favor of Integrand. Pursuant to Fed.R.Civ.P. 56(b), the court may grant the movant's motion for summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28 (1st Cir. 1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2725, p.401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine", there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. U.S. v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992); See also Boston Athletic Assn. v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1989); Medina Muñoz v. R.J. Reynolds Tobacco, 896 F.2d 5, 8 (1st Cir. 1990). On the other hand, "material" means that the fact

is one that might affect the outcome of the suit under the governing law. Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, supra, § 2725 at p. 419.

The only material issue of fact alleged to exist by Nationwide concerns the ownership of the truck involved in the accident. (Docket # 62 ¶¶ 4-6). Integrand's motion is grounded upon the assumption that Norberto, Matosantos' independent contractor, is the owner of the truck involved in the accident. (Docket # 51 ¶¶ 2, 4). Integrand relies on the licence and registration of the subject truck, which appears registered at the Puerto Rico Motor Vehicles Bureau under Norberto's name. (Docket # 51, Exh. 2). On the other hand, Nationwide cites to the deposition of Nieves, who testified under oath that he purchased the truck from Norberto in January of 1995 and that he paid the purchase price in full long before the accident took place. (Docket # 62 ¶ 5).

The relevance of this controversy lies on the applicable law. In this particular case, Matosantos' liability is predicated on the vicarious liability of an employer for the negligent acts of an independent contractor. Martínez v. Chase Manhattan Bank, 108 D.P.R. 515 (1979). In the case of Chase Manhattan Bank, the Puerto Rico Supreme Court held that those employers who hire an independent contractor to perform a particular task are liable for the damages caused by the negligence of said contractor, if those damages are the consequence of a foreseeable risk to the employer. 198 D.P.R. at 522. The employer's liability is limited however. He is not liable for those negligent acts of the independent contractor that are common, or for his negligence in following routine precautions. Id. In López v. Gob. Mun. de Cataño, 131 D.P.R. 694, 706 (1992), the supreme court further qualified the employer's liability by explaining that his responsibility for the negligence

**Civil No. 97-2207(SEC)** 8

of an independent contractor arises out of *his own negligence* in not foreseeing the need to take special precautions to avoid damages to third parties. Therefore, the court stated that "it is a precondition to the employer's liability that the risks or damages be foreseeable to him, because otherwise the risks could not have been avoided." Id.

In this case, the Court finds that the damages were foreseeable to the employer, because the transportation and delivery of goods carries with it an inherent risk of damages to third parties, which is akin to the risk faced by every motor vehicle that is used to travel in the public roads. This risk can be minimized by commissioning reliable licensed truck drivers, which apparently, co-defendant Gómez was not. Whether or not Matosantos' properly discharged its legal obligations is a question of fact not ascertainable from the documents filed in the record.

Moreover, in this particular case there was a contract between Matosantos and Norberto which required Norberto to purchase adequate liability insurance and where Norberto assumed exclusive liability for any and all damages caused by his actions or omissions, negligence, tortious conduct, or accidents involving the truck. (Docket # 51, Exh. 4). However, there is a factual controversy that may indicate that the person driving the truck was not someone commissioned by Norberto at all, but by Nieves. Matosantos admits that at times the actual transportation and delivery of the goods commissioned to Norberto was carried out by people other than him. (Docket # 51, Uncontested Fact #4). However, if Norberto in fact sold his interest in the truck to Nieves "along with the route," there is an issue as to whether or not the contract applies. Accordingly, Integrand's motion for summary judgment, **(Docket #51), is DENIED.**

**SO ORDERED.**

Civil No. 97-2207(SEC) 9

In San Juan, Puerto Rico, this 3RD day of January, 2001.

*signature*
SALVADOR E. CASELLAS
United States District Judge