UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN L. CASTILLO-ROMAN, et al.

    **Plaintiff(s)**

    v.

NORBERTO SANTIAGO-RODRIGUEZ, et al.

    **Defendant(s)**

CIVIL NO.  97-2207 (JAG)



---

**MEMORANDUM & ORDER**

Pending before the Court is plaintiffs' motion to alter judgment pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure. (Docket Nos. 75.) The factual background underlying this motion shows that on April 14, 2000, co-defendant Nationwide Insurance Company ("Nationwide") filed a motion for summary judgment. (Docket No. 49.) The Court granted the motion as unopposed on January 8, 2001, almost nine months after Nationwide filed the motion. (Docket No. 72.) On January 22, 2001, plaintiffs belatedly filed an opposition to Nationwide's motion for summary judgment and asserted that their failure to oppose Nationwide's motion for summary judgment was due to excusable neglect under Rule 60(b)(1), inasmuch as they mistakenly filed Nationwide's motion in the file of another case losing track of it. (Docket 75 at 2). We disagree.

This Court has previously established that a mere palpable mistake by counsel or by counsel's staff does not constitute a unique or extraordinary circumstance to render counsel's neglect excusable. See U.S. v. Fraya, 170 F.R.D. 346, 350(D.P.R. 1997). At the same time, this Court is beset with a mounting workload of its own, and, as a result, it must rely on its officers to be diligent in moving cases forward expeditiously. Moreover, the Court withheld a ruling on the pending motion until almost nine months had elapsed after the filing of the motion for summary judgment. See Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)("a district judge must often be firm in managing crowded dockets..."). Thus, plaintiffs' counsel's mistake did not amount to excusable neglect under Rule 60(b)(1).

Even if the Court were to find that plaintiffs' proffered reason for failing to file an opposition to Nationwide's motion for summary judgment amounts to excusable neglect under Rule 60(b)(1), plaintiffs' opposition to Nationwide's motion for summary judgment must still be denied inasmuch as plaintiffs' did not comply with Local Rule 311.12.

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. (See, e.g., Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Morales v. Orssleff's EFTE, 246 F.3d 32, 33-35 (1st Cir. 2001); Ruiz Rivera v.

Riley, 209 F.3d 24, 27-28 (1st Cir. 2000). This rule, requires, in relevant part, that a party opposing a motion for summary judgment submit, in support of the opposition, a separate, short concise statement of material facts as to which the nonmoving party contends there is a genuine issue to be tried and the basis for such contention as to each material fact, properly supported by specific reference to the record. D.P.R.R. 311.12.

A cursory look at the record reveals that plaintiffs have blatantly ignored the mandates of Local Rule 311.12. The belated opposition to the motions for summary judgment submitted by plaintiffs (Docket No. 75) contains a defective 311.12 statement of contested facts inasmuch as plaintiffs' did not submit a separate, short concise statement of material facts as to which plaintiffs contend that there is a genuine issue to be tried. Plaintiffs, however, in the text of their opposition, do aver that there are statements of facts allegedly in controversy, and provide general supporting references to the record. (Docket 75 at 2-4). A list of facts with no specific references to the record, however, is useless to the Court. In other words, without specific references to the record, the list of contested facts is worthless, given that "[t]he Court would have to continue to ferret through the record, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material fact." Dominguez v. Eli Lilly & Co., 958 F.Supp. 721, 727 (D.P.R. 1997)(citing

Civil No. 97-2207 (JAG)                                                                          4

<u>Stepanishen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d 922, 930-931 (1st Cir. 1983).

    Given that plaintiffs' proffered reason for failing to oppose Nationwide's motion for summary judgment did not amount to excusable neglect under Rule 60(b)(1), and that plaintiffs' opposition to Nationwide's motion for summary judgment failed to comply with the requirements of the anti-ferret rule in this district, plaintiffs' motion to alter judgment and in opposition to Nationwide's motion for summary judgment (Docket 75) must be **DENIED**.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 5th day of June, 2002.

                                                                  JAY A. GARCIA-GREGORY
                                                                  U.S. District Judge